IN THE SUPERIOR COURT OF GUAM:

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0299-22** |
| | GPD Report No. 22-12100 |
| v. | |
| | **DECISION AND ORDER GRANTING** |
| **MATTHEW OTIS JOHN** | **PEOPLE'S MOTION TO REVOKE** |
| (*aka* **MATTHEW W. JOHN**) | **PROBATION AND IMPOSE JAIL** |
| (*aka* **MATTHEW JOHN**) | **SENTENCE** |
| (*aka* **MATTHEW JOHN WIA**), | |
| DOB: 09/21/1990 | |
| | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on March 7, 2024 for a Revocation Hearing in the above-captioned matter related to Matthew Otis John's (*aka* Matthew W. John's) (*aka* Matthew John's) (*aka* Matthew John Wia's) ("Defendant's") failure to abide by his probationary terms. Defendant was represented by Assistant Public Defender Renita Taimanao. The People of Guam were represented by Assistant Attorney General Randall Albright. Having duly considered the Parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order Granting Revocation of Probation.

## BACKGROUND

On June 24, 2022, Defendant pled guilty to Assault (as a Misdemeanor). See Judgment of Conviction (Aug. 1, 2022). A judgment was entered imposing the following relevant conditions of probation:

- **MANDATORY REPORTING:** Defendant shall report to the Adult Probation Office for intake and processing within forty-eight (48) hours of sentencing.

Decision and Order Granting People's Motion to Revoke Probation and Impose Jail Sentence
CF0299-22, *People of Guam v. Matthew Otis John*
Page 1 of 5

- **LAWS:** Defendant shall obey all federal and local laws of Guam.
- **STAY AWAY FROM VICTIM:** Defendant shall stay away, directly, and indirectly from Leandra Ragimoothau and shall not contact the same by telephone, in writing, via email, via text message, through social media, via any electronic device, or through a third-party, including a family member or friend.
- **STAY AWAY FROM VICTIM:** Defendant shall not come within five hundred (500) feet of Leandra Ragimoothau.
- **STAY AWAY FROM VICTIM:** Defendant shall stay away from the residence, dwelling, school, day care center, or place of employment of Leandra Ragimoothau, or any other specified place, and shall not come within five hundred (500) feet of the above specified places.
- **HARRASSING OR HARMING VICTIM:** Defendant shall not harass, threaten, physically strike, or injure Leandra Ragimoothau.
- **HARRASSING OR HARMING VICTIM:** Defendant shall refrain from threatening to commit or committing acts of family violence against, or from harassing, annoying, or molesting Leandra Ragimoothau, a family or household member, or any person named in the court order, *including any and all witnesses.*

Id.

On July 5, 2022, a Violation Report was filed indicating that Defendant had failed to report to the Adult Probation Office for intake and processing within forty-eight (48) hours of being released. See Violation Report (Jul. 5, 2022). The report also indicated that just two days after his release form incarceration, Defendant had been arrested in CF0446-22 on charges of Terrorizing (as a 3rd Degree Felony), Making a False Report (as a Misdemeanor), Disorderly Conduct (as a Petty Misdemeanor), and Public Drunkenness (as a Violation). Id. Defendant would ultimately plead guilty and be convicted of Disorderly Conduct (as a Petty Misdemeanor) and Public Drunkenness (as a Violation). See CF0446-22 Judgement of Conviction (Sep. 13, 2022).

Decision and Order Granting People's Motion to Revoke Probation and Impose Jail Sentence
CF0299-22, *People of Guam v. Matthew Otis John*
Page **2** of **5**

On September 26, 2022, another Violation Report was filed indicating that Defendant hadn't provided current contact information to the Adult Probation Office, and that the Adult Probation Office was unable to locate Defendant. See Violation Report (Sep. 26, 2022).

On August 1, 2023, another Violation Report was filed indicating that Defendant had been arrested in CF0499-23 and indicted on charges of Family Violence (as a 3rd Degree Felony) (Three Counts) and Assault of an Unborn Child (as a Misdemeanor). See Violation Report (Aug. 1, 2023). The victim in that case was Leandra Ragimoothau, the same victim of Defendant's assault in this current matter, and a person who Defendant was ordered to stay away from. Id.

On August 7, 2023, the People filed their Motion to Revoke Defendant's Probation and Impose Jail Sentence ("Motion"). The People base their request on Defendant's multiple arrests and repeated failures to report to the Adult Probation Office since entering probation. See Motion (Aug. 7, 2023).

On March 7, 2024, the Court held a Revocation Hearing and subsequently took the matter under advisement. See Minute Entry (Mar. 7, 2024).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

See 9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is

Decision and Order Granting People's Motion to Revoke Probation and Impose Jail Sentence
CF0299-22, *People of Guam v. Matthew Otis John*
Page 3 of 5

proven, then the Court must determine if the violation warrants revocation of the probation.

See *People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." Id. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant violated his probation conditions and that there is probable cause to support the violations. Since entering probation, Defendant failed to timely report to the Adult Probation Office for his required intake/processing. Furthermore, Defendant was convicted of Disorderly Conduct (as a Petty Misdemeanor) and Public Drunkenness (as a Violation) in CF0446-22. Defendant was also indicted on charges of Family Violence (as a 3rd Degree Felony) (Three Counts) and Assault of an Unborn Child (as a Misdemeanor) in CF0499-23. This directly conflicts with Defendant's probationary conditions that he obey all federal and local laws of Guam. Furthermore, the alleged victim in CF0499-23 is the same victim whom Defendant assaulted in this case. This directly conflicts with Defendant's probation conditions that he stay away from the victim and not harass or harm her.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." See 9 G.C.A. § 80.66(a)(2).

Decision and Order Granting People's Motion to Revoke Probation and Impose Jail Sentence
CF0299-22, *People of Guam v. Matthew Otis John*
Page 4 of 5

Based on a review of the record, it is clear that Defendant has exhausted the trust of the Court by violating several probationary conditions. Defendant's violations are serious in nature, and they started within days of him entering probation. This indicates Defendant's clear disregard for and inability to comply with his probationary requirements.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the Court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA § 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to **one (1) year incarceration** at the Department of Corrections, Mangilao with credit for time served. After the completion of the Defendant's sentence the Court shall close the above-captioned case.

**IT IS SO ORDERED** this <u>March 14, 2024</u>



_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

SERVICE VIA EMAIL
I acknowledge that an electronic
copy of the original was e-mailed to:

AG; PDSL

Date: 3/04/24 Time: 2:35

Deputy Clerk, Superior Court of Guam

Decision and Order Granting People's Motion to Revoke Probation and Impose Jail Sentence
CF0299-22, *People of Guam v. Matthew Otis John*
Page 5 of 5